Garlen DAVIS, Appellant,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare of the United States, Appellee.

No. 78–1231.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1978.

Decided Jan. 29, 1979.

Kim Brown, The Legal Aid Society of the City and County of St. Louis, St. Louis, Mo., for appellant.

Anne C. Travis, Asst. U. S. Atty., St. Louis, Mo. (argued), Robert D. Kingsland, U. S. Atty., St. Louis, Mo., and Gregory S.

Bates, Atty., U. S. Dept. of Health, Education and Welfare, Kansas City, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

Garlen Davis appeals from the denial of relief in his action for review of a final decision by the Secretary of Health, Education and Welfare denying Davis' application for disability benefits under the Social Security Act.

On appeal, Davis contends that the decision of the Secretary was not supported by substantial evidence, the Secretary failed to provide a fair administrative hearing, and the District Court erred in not granting any relief. After reviewing the record and the briefs of the parties, we have concluded that the Secretary's decision was not supported by substantial evidence. We therefore reverse and remand the case with instructions that the District Court remand the case to the Secretary for further proceedings.

Garlen Davis is in his early sixties. He has a fifth-grade education, and until December 1970 he worked as a farmer, carpenter, factory worker and janitor. In December 1970, he was involved in an automobile accident and has not worked since that time. The administrative law judge found that at the time Davis ceased to be employed in 1970, until March 31, 1976, he met the special earnings requirements for disability benefits under the Social Security Act. After March 31, 1976, Davis no longer met the special earnings requirements, thus if he is to recover it must be established that he was "disabled" within the meaning of the Social Security Act prior to March

31, 1976. Our court has held that there are three requirements for a claimant to establish disability within the Act:

(1) that there be a medically determinable physical or mental impairment which can be expected to [result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months], (2) that there be an inability to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment.

*Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975) (*quoting from Yawitz v. Weinberger*, 498 F.2d 956, 959 (8th Cir. 1974)).

██ The claimant has the burden of showing that due to a medically determinable ailment he is unable to perform his past occupation. The burden then shifts to the Secretary to show that the claimant is able to perform other substantial gainful employment. *Lewis v. Califano*, 574 F.2d 452, 455 (8th Cir. 1978).

In the present case the administrative law judge found that Davis suffered from a variety of physical and mental impairments[1] on the critical date of March 31, 1976. However, it was also found that "notwithstanding his impairments, the claimant was, prior to March 31, 1976, capable of engaging in substantial gainful activity in his former job as a janitor." We have searched the record in vain for any substantial evidence to support this finding.

██ At the administrative hearing, Davis was not represented by counsel but did have the assistance of his daughter-in-law. It is clear from the transcript that at the time of the hearing Davis had a severe problem in understanding the questions put to him by the administrative law judge and responding to them. However, with the

---

1. The finding was that the claimant had the following medical impairments: alcoholism, with evidence of alcoholic peripheral neuropathy and alcoholic hepatitis; mild arthritis of the right knee and ankle; albumineria; hypocholesterolemia; Class II functional capacity of the American Heart Association classification with regard to his heart; early ethanolic cardiomyopathy; mild bronchitis; slight emphysema and fibrosis, and anxiety with some depressive symptoms.

assistance of his daughter-in-law, Davis was able to present evidence of his inability to work after December 1970, and the continuing health problems he was experiencing. During the hearing the administrative law judge failed to pursue any line of questioning regarding Davis' abilities prior to March 31, 1976, but instead concentrated his inquiry on and directed the hearing toward Davis' abilities and condition on the date of the hearing, February 2, 1977. This court sharply criticized such a procedure when followed by a hearing examiner in *Sellars v. Secretary, Department of HEW*, 458 F.2d 984, 986 (8th Cir. 1972).

▌ Under these circumstances, and after a careful review of the record, we conclude that Davis has met his burden of showing that he was unable to perform his past occupation of janitor prior to March 31, 1976. There is no substantial evidence to support the contrary finding of the administrative law judge. The Secretary did not establish that Davis was able to perform other substantial gainful activity. Therefore it follows that the conclusion that Davis had not been disabled prior to March 31, 1976, is not supported by substantial evidence and his application must be given further consideration. At the hearing on remand, evidence shall be admitted bearing on the issue of Davis' ability to engage in substantial gainful activity during the period December 1970 through March 31, 1976. The burden of proof shall rest on the Secretary.

Judgment reversed and remanded.