**Dena M. STONE, Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Appellee.**

No. 80–1595.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1981.

Decided Aug. 21, 1981.

R. Kurt Swaim, Legal Services Corp. of Iowa, Dubuque, Iowa, for appellant.

Kenneth J. Cain, Atty., Dept. of Health and Human Services, Kansas City, Mo., Robert Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY and HENLEY, Circuit Judges, and PECK,* Senior Circuit Judge.

PECK, Senior Circuit Judge.

The issue in this Social Security disability benefits case is whether substantial evidence supports the Secretary's finding that applicant Stone is still able to perform gainful sedentary work.

Stone filed for disability benefits for the third time in 1978, when she was twenty-three years old. At that time Stone, who is five feet tall, weighed well over 250 pounds. In December of 1979 she weighed 333 pounds. Stone's health problems are, by any account, manifold. Clearly, by current social standards she is grossly obese. In addition, she has skeletal deformities of the feet, and cannot remain standing for long periods. Less readily verifiable are her complaints of aches and pains "all over," particularly in her left knee. No physical causes have been found for these pains.

Stone's formal education ended with high school. She completed her last two years of school by correspondence so that she could avoid the ridicule that her obesity drew. A withdrawn individual, Stone has no special job skills. In her lifetime she has worked only as a dishwasher and as a motel maid.

The agency's administrative law judge, whose decision was adopted by the Secretary, found that Dena Stone was unable to work in her former jobs. The burden of proof therefore lay with the Secretary to show that Stone was able to engage in some available, gainful work. This shift in the burden of proof in social security disability cases has been noted time and again by this Court. *See, e. g., Voyles v. Harris,* 636 F.2d 228, 229 (8th Cir. 1980); *Gilliam v. Califano,* 620 F.2d 691, 693 (8th Cir. 1980); *Davis v. Califano,* 616 F.2d 348, 349 (8th Cir. 1979); *Beasley v. Califano,* 608 F.2d 1162, 1166 (8th Cir. 1979); *Stephens v. Sec'y, HEW,* 603 F.2d 36, 41 (8th Cir. 1979); *Russell v. Sec'y, HEW,* 540 F.2d 353, 357 (8th Cir. 1976); *Brinker v. Weinberger,* 522 F.2d 13, 17 (8th Cir. 1975); *Timmerman v. Weinberger,* 510 F.2d 439, 443 (8th Cir. 1975).

The Secretary has failed to carry his burden. The ALJ concluded that Stone was able to perform available sedentary work, but he reached that conclusion by virtually ignoring reports of Stone's psychological problems. In his hypothetical question to a vocational expert who testified concerning Stone's residual work capacities, the ALJ instructed the expert to *assume* that Stone had no mental impairment that restricted her capacity for sedentary work. A contested issue was thus assumed away. This error was compounded by the agency's Appeals Council, which received (and reportedly considered) still more uncontradicted evidence of Stone's psychological disabilities, yet nevertheless did not discover that the agency's evidence of Stone's residual work capacity was without substance.

Because of these errors in the agency's application of the relevant law, the district court's decision, 492 F.Supp. 278 (N.D.Iowa 1980), granting summary judgment to the Secretary must be vacated, and the case remanded for further action consistent with this opinion. Because further action is required in the case,

---

* The Honorable John W. Peck, United States Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit sitting by designation.

some monitory comment on the grounds for decision advanced by the district court is appropriate. The district court wrote that, because Stone's obesity has no established physiological cause, her obesity was therefore "remedial" (*sic, vide* "remediable"). The agency is certainly not entitled to presumptions that obesity is remediable or that an individual's failure to lose weight is "wilful." The notion that all fat people are self-indulgent souls who eat more than anyone ought appears to be no more than the baseless prejudice of the intolerant svelte. Modern studies debunk this myth. See S. Wooley, O. Wooley & Dyrenforth, *Theoretical, Practical, and Social Issues in Behavioral Treatments of Obesity,* 1 J. Applied Behavior Analysis 3, 5 (1979), and sources cited there.

The district court also saw the relation between Stone's obesity and her psychological problems as being one of simple causation, so that if Stone lost weight "many of her psychological problems would subside." There is little relevant evidence on this point in the record. What evidence there is suggests that the relation between Stone's overweight and her depression and "personality disorder" is a complex and reciprocal one. The psychological reports submitted to the Appeals Council depict a person whose physical condition, employment frustration, and social and financial situations combined to make it difficult if not impossible for her to sustain the effort needed to lose the two hundred pounds she must shed to reach her supposed "ideal" weight. The proper question for the agency is not whether Stone's obesity is in some clinical sense remediable, but whether her obesity is the sole or major cause of her disabilities, and, if so, whether her obesity is reasonably remediable *by her.* The answers to these questions must, of course, be supported by substantial evidence. *See Lauritzen v. Weinberger,* 514 F.2d 561, 565 (8th Cir. 1975) (no record evidence that claimant's obesity was remediable); *Mayhue v. Gardner,* 294 F.Supp. 853, 855–57 (D.Kan.1968) *aff'd Mayhue v. Finch,* 416 F.2d 1257 (10th Cir. 1969) (substantial evidence supported find-

ings that claimant's gallstones, infected bladder and obesity were remediable).

On appeal, the Secretary has argued that the record shows Stone's overweight to be remediable, since there is evidence that when Stone has dieted, she has lost weight. The record does show that Stone has lost up to thirty-five pounds—pounds regained with interest. This is not substantial evidence that Stone can now overcome her several disabilities. Stone's eventual lapse from all attempts at weight loss equally supports the conclusion that the task of slimming has so far been too much for her to handle.

Vacated and remanded.