Mary Jane **BARNES**, Plaintiff,

v.

**Richard S. SCHWEIKER**, Secretary of Health and Human Services, Defendant.

**No. C 82–72.**

United States District Court, N.D. Iowa, Cedar Rapids Division.

April 26, 1983.

---

Daniel J. McDermott, Cedar Rapids, Iowa, for plaintiff.

Robert Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's resisted motion for summary judgment, filed October 12, 1982; on defendant's resisted motion to affirm the Secretary's decision, filed November 12, 1982; and on plaintiff's resisted "Motion for Consideration of Court Orders," filed January 4, 1983. Vacated and remanded.

This is an action to review a final decision of the Secretary of Health and Human Services denying plaintiff disability insurance benefits under the provisions of Title 42 U.S.C. § 423 of the Social Security Act.

█ Before turning to the law and facts herein involved, the court will address plaintiff's January 4, 1983 motion.* In that motion plaintiff asks the court to, in effect, strike defendant's supplemental brief in support of defendant's motion to affirm the decision of the Secretary. Plaintiff claims that said brief was not within the purview of the court's orders regarding the briefing schedule. However, the court finds that defendant's supplemental brief addresses information and arguments raised for the first time in plaintiff's reply brief. It is only fair that defendant be permitted to respond thereto. Thus, plaintiff's motion will be denied.

At this point a general review of the law to be applied is in order.

Under the Social Security Act the findings of the Secretary must be affirmed if they are supported by substantial evidence in the record. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Alexander v. Weinberger,* 536 F.2d 779 (8th Cir.1976); *Reams v. Finch,* 313 F.Supp. 1272 (N.D.Ia.1970). Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales, supra; Timmerman v. Weinberger,* 510 F.2d 439 (8th Cir.1975). Further, it is clear that the plaintiff has the burden of establishing his entitlement to benefits under the Act. *Johnson v. Califano,* 572 F.2d 186 (8th Cir.1978); *Yawitz v. Weinberger,* 498 F.2d 956 (8th Cir.1974).

It is, however, equally clear that plaintiff has the burden of establishing his claim for disability benefits. *See e.g., Rhines v. Harris,* 634 F.2d 1076 (8th Cir.1980); *Davis v. Califano,* 616 F.2d 348 (8th Cir.1979); *Johnson v. Califano,* 572 F.2d 186 (8th Cir.1978). The statutory definition of disability imposes upon a claimant a three-fold proof requirement:

1. That there is a medically determinable physical or mental impairment that can be expected to continue for a period of not less than 12 months.
2. That there is an inability to engage in any substantial gainful employment; and
3. That the inability is by reason of the impairment.

*Timmerman v. Weinberger,* 510 F.2d 439 (8th Cir.1975).

Once a plaintiff, as here, has established a disability so severe as to preclude that person from engaging in his former work, the burden shifts to the Secretary to prove that there is some other kind of substantial gainful employment that plaintiff could perform. *See e.g., Johnson v. Califano, supra; Brinker v. Weinberger,* 522 F.2d 13, 17 (8th Cir.1975).

In this case the ALJ found plaintiff not to be disabled on the basis of the grid. The grid was developed in an attempt to insure more uniformity in the decision of disability cases. *Santise v. Schweiker,* 676 F.2d 925 (3rd Cir.1982). It establishes a sequential decision making process to be uniformly followed in deciding disability cases. *See* 20 CFR § 404.1520. Specifically, the regulations require that an initial determination be made as to whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is found "not disabled." Second, it is determined if the claimant has a severe impairment—one that significantly limits the ability to perform work-related functions; if not, then on the medical evidence alone the claimant is determined to be not disabled. Third, if a severe impairment is found, the impairment is compared against those listed in 20 CFR Subpart P, Appendix I (1981), to see if, on the medical evidence alone, the claimant can be found to be disabled. Assuming claimant is not found to be disabled, the fourth step requires inquiry into whether the claimant can perform relevant past work; if so, then the claimant is not disabled. The final step in the process involves the use of the grid. *See* 20 CFR § 404.1520.

Before the grid can be used the ALJ is required to make findings as to the applicant's age,[1] education,[2] prior work experience,[3] and residual functional capacity (RFC) which can then be plugged into the grid and a result obtained. Of these factors the Eighth Circuit has indicated that RFC is by far the most important. *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982). Under the regulations RFC is defined as the level of work that an individual is able to perform in spite of his various physical and mental impairments. 20 CFR § 404.1545. It is clear that the grid does not apply if the applicant's RFC is to do a particular kind of work[4] only intermittently but rather the claimant must be able to perform a full range of work on a sustained basis. As the Eighth Circuit stated in *McCoy,* "the RFC that must be found if the grid is to be used, in the case of sedentary and medium work, as well as light work, is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *Id.* In any event the claimant must be capable of performing a wide range of jobs at the designated level sedentary, light or medium.

Further, RFC is defined wholly in terms of the physical ability to perform certain exertional tasks. If a claimant has a solely non-exertional[5] impairment, the grid is not controlling and cannot be used to direct a conclusion without regard to other evidence. *See* Appendix 2, § 200.00(e). *Tennant v. Schweiker,* 682 F.2d 707 (8th Cir. 1982). *Torres v. Secretary of HHS,* 668 F.2d 67 (1st Cir.1981). If a claimant has a combination of exertional and non-exertional impairments the guidelines are considered first to determine whether that person is entitled to a finding of disability based on exertional impairments alone. If such a finding is not directed the ALJ must then consider "how much the individual's work capability is further diminished" by the non-exertional impairment. Appendix 2, § 200.00(e)(2). Thus, if the non-exertional limitation restricts a claimant's performance of a full range of work at the appropriate RFC levels, non-exertional limitations must be taken into account and a non-guideline determination made.

■ In this circuit pain is considered a non-exertional impairment and it has been clear for some time that it may be disabling within the meaning of the Act. *See Yawitz v. Weinberger,* 498 F.2d 956 (8th Cir.1974); *Northcutt v. Califano,* 581 F.2d 164 (8th

1. According to the regulations, " '(a)ge' refers to how old you are (your chronological age) and the extent to which your age affects your ability to adapt to a new work situation and to do work in competition with others." 20 CFR § 404.1563. The regulations establish the following age-related categories: "closely approaching retirement age (60–64);" "advanced age (55–59);" "closely approaching advanced age (50–54);" "younger person age 45–49;" and "younger person age 18–44." *Id.* & Appendix 2. The Department has allowed, however, that it "will not apply these age categories mechanically in a borderline situation." *Id.* at § 404.1563(a).

2. There are four education-related categories established by the regulations: "high school graduate or more;" "limited or less;" "marginal or none;" and "illiterate or unable to communicate in English." 20 CFR § 404.1564 & Appendix 2. An individual's education level ordinarily is ascertained by measuring the amount of any "formal schooling or other training which contributes to (his) ability to meet

vocational requirements," but evidence relating to test scores, past work experience and responsibilities, and daily activities also may be considered. *Id.* at § 404.1564(a).

3. The regulations enunciate the following "work experience" categories: "skilled or semiskilled-skills transferable," "skilled or semiskilled-skills not transferable;" "unskilled;" and "none." 20 CFR § 404.1565 & Appendix 2.

4. For purposes of the disability program, the Department has defined three levels of RFC: maximum sustained work capability limited to medium work; maximum sustained work capability limited to light work; and maximum sustained work capability limited to sedentary work. 20 CFR § 404.1545 and Appendix 2.

5. For a listing of non-exertional impairments see 20 CFR § 404.1545(c); *McCoy v. Schweiker, supra* at 1148.

Cir.1978); *Murphy v. Gardner*, 379 F.2d 1 (8th Cir.1967).

■ Accordingly, the ALJ must seriously evaluate plaintiff's complaints of pain even though not fully corroborated by objective examinations and tests. *See Ballowe v. Harris*, 650 F.2d 130 (8th Cir.1981); *Brand v. Secretary of HEW*, 623 F.2d 523 (8th Cir.1980). However, the mere fact that a plaintiff experiences pain does not make that person disabled. The existence of pain necessitates a finding of disability only if it is not remediable and precludes a person from engaging in any substantial activity. *See e.g., Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir.1974); *Mark v. Celebrezze*, 348 F.2d 289 (8th Cir.1965); *Dvorak v. Celebrezze*, 345 F.2d 894 (10th Cir.1965). It is the ALJ who is the fact-finder in this regard and if he properly considers the claim his determination is entitled to great weight. *See e.g., Fitzsimmons v. Mathews*, 647 F.2d 862 (8th Cir.1981); *Weber v. Harris*, 640 F.2d 176 (8th Cir.1981); *Simmons v. Harris*, 602 F.2d 1233 (5th Cir.1979).

■ While credibility is for the ALJ this does not alter the substantial evidence rule set out above and where subjective complaints of pain are rejected the ALJ should give some explanation of his reasoning unless it is apparent from the record. *Lanes v. Harris*, 656 F.2d 285 (8th Cir.1981). The ALJ should evaluate subjective complaints of pain with due consideration for credibility, motivation and medical evidence. *Benson v. Mathews*, 554 F.2d 860 (8th Cir.1977). When evaluating credibility in addition to the medical evidence the ALJ, and the court in determining if the ALJ's decision is supported by substantial evidence, should consider such factors as unsuccessful attempts to return to work, *see e.g., Milton v. Schweiker*, 669 F.2d 554 (8th Cir.1982), claimant's prior work history, *see e.g., Northcutt v. Califano*, 581 F.2d 164 (8th Cir.1978); testimony of corroborating witnesses, *see e.g., Northcutt v. Califano*, 581 F.2d 164 (8th Cir.1978), whether plaintiff is undergoing treatment or not, *see e.g., Rhines v. Harris*, 634 F.2d 1076 (8th Cir. 1980), and claimant's daily activities. *See*

*e.g., Yawitz v. Weinberger*, 498 F.2d 956 (8th Cir.1974). In short, the ALJ is bound to consider all factors in the record which shed light on the validity or invalidity of plaintiff's claim. *Cole v. Harris*, 641 F.2d 613 (8th Cir.1981); *Landess v. Weinberger*, 490 F.2d 1187 (8th Cir.1974). Further, each plaintiff must be treated individually and an individualized determination made since different people may react differently to the same physical impairments. *Cole v. Harris*, 641 F.2d 613 (8th Cir.1981). The question is the extent of pain experienced by the claimant rather than some theoretical person with the same physical problems as claimant and the effect it has on plaintiff's exertional limitations.

■ It is only when the claimant's characteristics exactly match the description in the grid that the grid is dispositive. *Santise v. Schweiker*, 676 F.2d 925 (3rd Cir. 1982). *Kirk v. Schweiker*, 667 F.2d 524, 528 (6th Cir.1982); *Thomas v. Schweiker*, 666 F.2d 999, 1004 (5th Cir.1982). If the claimant's characteristics differ in any material respect from the grid then disability is determined under the principles previously set out by the case law including the use of vocational testimony. *McCoy, supra* at 1146.

Finally, if anything, the use of the grid enhances the ALJ's duty to fully and fairly develop the record and to apprise claimants of the critical issues sufficiently in advance so as to provide a fair hearing. *McCoy, supra* at 1147.

■ Here, plaintiff was 40 years of age at the time of the hearing and claims disability due to arthritis in the spine, back pain, painful wrists and damage to tendons in both arms. She testified at the hearing that her back was the most serious problem. Plaintiff has a high school education and a continuous work history with experience as a meat inspector, delivery person, assembler, janitor, mill helper and drill press helper.

Plaintiff testified that she terminated her employment at Wilson Foods because she suffered from severe pain. She took steps

to alleviate the pain and even wore a brace in an effort to continue working but was unable to do so. Presently plaintiff is in constant pain and has difficulty engaging in any activity. She testified that it takes her approximately an hour to limber up enough to move from the floor, to a chair, to her desk in the mornings. She is unable to do the laundry, vacuuming or dishes, and cleans the kitchen floor by spraying it with a hose, placing towels on it and walking on them. Plaintiff can walk no more than five blocks, after which she must sit and rest, and she can stand for an hour at the most. Depending on the chair, she can sit for as long as an hour and a half. Bending causes her discomfort and although she can lift her 34-pound son if absolutely necessary, she does not frequently lift anything. As for hobbies, she used to ride horses, ride her bicycle three to four nights a week, and engage in leathercrafting. However, her present physical condition precludes her from performing any of these activities.

Briefly, the medical evidence reveals that plaintiff has certain physical abnormalities in her lower back, hips and wrists. She has had numerous operations over the years to correct these problems yet little success has been achieved. Plaintiff has testified that she was told by doctors in Iowa City that there is no medication to relieve her pain and that there is a great possibility that she will be paralyzed within one and one half years. The record reveals that at least five physicians have examined plaintiff's condition to some degree. Three of the five, including plaintiff's two treating physicians found her to be totally disabled.

Although the opinions of consultative physicians are to be accorded relatively little weight and do not constitute substantial evidence when contradicted by the evaluation of a claimant's treating physician, *Hancock v. Secretary of HEW,* 603 F.2d 739, 740 (8th Cir.1979), the ALJ based his finding of no disability upon the reports of two consulting physicians. However, there is no objective evidence in the record, such as an inconsistent lifestyle, to doubt plaintiff's complaint. Further, plaintiff's testimony is corroborated by that of her husband, and her prior work history lends to, rather than detracts from, her credibility. In short, the court does not believe that substantial evidence exists to support the Secretary's determination.

The court is also concerned that plaintiff appeared *pro se* at the hearing before the ALJ. The concern arises out of the ALJ's failure to inform plaintiff that a disability determination could be based solely upon the grid. Without having been so informed, it is doubtful that plaintiff could have realized the significance to be attached to evidence regarding RFC, pain and other key factors. Plaintiff now complains that she was thereby denied an opportunity to present relevant evidence under the Guidelines.

The court is inclined to agree with plaintiff and notes further, that plaintiff submitted x-rays to the ALJ to be considered in making a disability determination. However, the Appeals Council informed plaintiff that the x-rays could not be considered because an interpretation had not been provided with them. The ALJ should have informed plaintiff that an interpretation of the x-rays was required. The failure to do so resulted in the exclusion of evidence which plaintiff was entitled to have considered.

The ALJ also failed to give adequate consideration to plaintiff's complaints of pain. The ALJ's finding that the pain was not severe was based merely on the fact that plaintiff's medication was relatively mild, consisting of Dyazide and aspirin. However, as the court has already indicated, that is but one of many factors to be considered when deciding whether pain is disabling in a particular case.

Finally, the court is not convinced that the ALJ was justified in relying solely upon the grid in making a determination in this case. Plaintiff's complaints of pain are substantial. Without sufficient grounds for rejecting those complaints, the ALJ should have also considered evidence of plaintiff's ability to engage in other substantial gainful employment.

Although this is a close case for awarding benefits the court feels that the case should be remanded to the Secretary to either award benefits or make further findings.

It is therefore

ORDERED

Reversed and remanded to the Secretary for further proceedings in accordance with this opinion.