886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce M. HESTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 89-5207.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 Before BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant, Joyce M. Hester, appeals from a district court order affirming the Secretary's determination that she was not disabled, and, therefore, not entitled to disability insurance benefits and supplemental security income. For the following reasons, we remand the case to the district court.
 
 I.
 
 2
 Claimant Hester filed her application for disability insurance benefits and supplemental security income on July 6, 1983, alleging a disability onset date of August 6, 1982. The Secretary denied claimant's applications both initially and upon reconsideration. Claimant then requested a hearing before an administrative law judge (ALJ). In a decision rendered on April 30, 1984, the ALJ concluded that claimant had a medical impairment due to severe diabetes mellitus and internal derangement of the right knee that prevented her from performing her past relevant work which required the ability to do considerable walking and standing as well as bending, reaching and lifting up to 50 pounds. Because the ALJ found that claimant had the residual functional capacity to perform a full range of light work and fell within the medical-vocation guidelines (grids), claimant was not disabled.
 
 
 3
 After the Appeals Council denied a request for review, claimant appealed to the district court pursuant to 42 U.S.C. Sec. 405(g). The district court referred the case to a United States Magistrate. The magistrate issued a report and recommendation filed June 13, 1985, recommending that the Secretary's decision be reversed and that the case be remanded for the payment of benefits. The magistrate concluded that there was not substantial evidence to support the Secretary's finding that claimant could perform light work and that the ALJ had improperly applied the grids in light of claimant's nonexertional impairments. Because the Secretary failed to carry the burden of proof that there existed work in the nation's economy which claimant could perform, the magistrate recommended that claimant be awarded benefits.
 
 
 4
 On August 27, 1985, the district court adopted the magistrate's report except for the ultimate conclusion. The court stated:
 
 
 5
 The court has reviewed the magistrate's report and recommendation and the entire record in this cause and hereby adopts the magistrate's report except for the ultimate disposition of the case. The magistrate recommended that the case be remanded for award of benefits. It appears to the court that a remand for further findings of fact is necessary since there may be reasons for denying disability not discussed by the administrative law judge in his decision, specifically claimant's failure to follow a diet. It is appropriate for findings concerning this issue to be made administratively rather than by this court.
 
 
 6
 Accordingly, the case is remanded for further evidence, if necessary, and further findings of fact.
 
 
 7
 On remand, the Appeals Council remanded the case to the ALJ for the gathering of additional evidence. The order stated:
 
 
 8
 Accordingly the administrative law judge shall follow the court's order in this regard but is reminded that failure to follow prescribed treatment is not a deciding factor on the ultimate issue of disability based on the record as it now exists.
 
 
 9
 The Appeals Council found that claimant's treating physicians had not stated that she was unable to perform all work and requested that current medical records from claimant's treating sources be obtained.
 
 
 10
 On May 22, 1986, after obtaining new evidence and a vocational report that classified claimant's past work as light to medium work, the ALJ found that claimant was capable of performing her past relevant work and was not disabled.
 
 
 11
 On November 26, 1986, claimant appealed to the district court, who again referred the case to the United States Magistrate, who again recommended that the case be remanded for an award of benefits.
 
 
 12
 On September 27, 1988, the district court considered the case de novo, rejected the magistrate's recommendation, and affirmed the Secretary's decision. The court stated that there was substantial evidence to indicate that claimant willfully failed to follow a diet and that this prescribed treatment was capable of returning claimant to the work force. Claimant timely filed this appeal.
 
 II.
 
 13
 In order to prove the existence of a disability as defined in 42 U.S.C. Sec. 423(d)(1)(A), claimant's claim must survive a five-step analysis: (1) If the claimant is working, benefits are automatically denied. 20 C.F.R. Secs. 404.1520(b), 416.920(b); (2) If a claimant is not found to have an impairment which significantly limits his ability to work (a severe impairment), then he is not disabled. 20 C.F.R. Secs. 404.1520(c), 416.920(c); (3) If a claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. Secs. 404.1520(d), 416.920(d); (4) If a claimant has previously worked and has a medical basis for an impairment that prevents him from engaging in past relevant work, he establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). If he is able to perform past relevant work, he is not disabled. 20 C.F.R. Secs. 404.1520(e), 416.920(e); (5) At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The Secretary must prove that, taking into consideration present job qualifications such as age, work experience, education and physical capacity, and the existence of jobs to match those qualifications, a claimant retains the capacity to perform a different kind of job. 20 C.F.R. Secs. 404.1520(f)(1), 416.920(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical vocational guidelines, otherwise known as the "grids." 20 C.F.R. Pt. 404, Subpt. P, App. 2. If the Secretary fails to establish the claimant's ability to work, benefits will be awarded.
 
 
 14
 Failure to follow prescribed treatment becomes a determinative issue only if the claimant's impairment is found to be disabling under steps one through five and is amenable to treatment expected to restore ability to work. 20 C.F.R. Secs. 404.1530, 416.930; Harris v. Heckler, 756 F.2d 431, 436 n. 2 (6th Cir.1985); Fraley v. Secretary of Health and Human Servs., 733 F.2d 437, 440 (6th Cir.1984).
 
 
 15
 In the present case, the ALJ initially determined that claimant was not disabled at step five. On appeal the magistrate's report, which the district court adopted, stated that claimant was disabled. The district court remanded to determine if claimant willfully failed to follow prescribed treatment which would restore her ability to work. On remand the ALJ found that claimant was not disabled at step four. On appeal the district court did not address the ALJ's finding that claimant was able to return to her past relevant work and denied benefits on the basis of willful failure to follow treatment. Denial of benefits on this basis is appropriate only if there has been a previous determination under steps one through five that claimant suffers from a disabling impairment.
 
 III.
 
 16
 The district court found that there was sufficient evidence in the findings of the ALJ to uphold a denial of benefits because of claimant's failure to follow a prescribed diet. We disagree. The record is confused. The remand order of the district court authorized that findings be made to determine if benefits should be denied because of claimant's failure to follow prescribed treatment. Because the issue of remediability or failure to follow a prescribed treatment does not come into play until a finding of disability has been made, 29 C.F.R. Sec. 404.1530, 416.930, it would make no sense for the district court to remand for further findings of fact on this issue unless the court adopted the magistrate's finding that claimant suffered from a disability that impaired her ability to work.
 
 
 17
 On remand, the Appeals Council invited the ALJ to reopen the impairment branch of the case. The ALJ then reviewed matters that went beyond the scope of the remand order and did not adequately address the issue of remediability. The ALJ's report contains tangential remarks about claimant's failure to follow a prescribed diet and a rheumatologist's statement that an aggressive program of physiotherapy in combination with a diet would reduce her pain from arthritis and allow claimant to return to some type of sedentary employment. However, the focus of the ALJ's opinion concerns claimant's ability to return to her past relevant work and contains no definite conclusions on the issue of remediability.
 
 
 18
 The regulation which discusses a claimant's responsibility to follow prescribed treatment states in pertinent part:
 
 
 19
 (a) What treatment you must follow. In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.
 
 
 20
 (b) When you do not follow prescribed treatment. If you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits.
 
 
 21
 20 C.F.R. Sec. 404.1530. This court has previously held that in order for an impairment that would otherwise produce a finding of disability to be declared treatable, "there must be a factual basis and findings of fact on the issue" of whether claimant's disability is "reasonably remediable by [him]." Johnson v. Secretary of Health & Human Servs., 794 F.2d 1106, 1113 (6th Cir.1986) (quoting Stone v. Harris, 657 F.2d 210, 212 (8th Cir.1981)) (emphasis in original). Second, the Secretary must show that "the disability is clearly treatable." 794 F.2d at 1113. In other words, in order to deny benefits because of failure to follow a prescribed diet, there must be substantial evidence to support a conclusion (1) that claimant's failure to lose weight was willful, and (2) that the prescribed treatment would have restored claimant's ability to work. Upon remand the ALJ did not adequately address the two steps required in order to make a determination on the issue of remediability.
 
 
 22
 We find that it was error for the district court not to address this confusion in the record. Before a final determination can be made, the record must be clarified. The district court originally adopted the conclusion of the magistrate that claimant was disabled but remanded for a determination of whether a prescribed diet could correct the disability. The ALJ tangentially discussed the issue of remediability without arriving at a definite conclusion and then proceeded to deny benefits on the basis of claimant's ability to return to her past relevant work, contrary to the prior finding of the Secretary. The district court on appeal did not address the thrust of the ALJ's opinion, but based its own opinion on the issue of remediability, which had not been sufficiently addressed by the ALJ. We, therefore, remand the case to the district court so that the district court can remand to the Secretary with appropriate orders.