**Edward G. MACKINAW, Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellant.**

**No. 88–1165.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Jan. 27, 1989.

Frank J. Niesen, Jr., St. Louis, Mo., for appellant.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,[*] District Judge.

WOLLMAN, Circuit Judge.

Edward G. Mackinaw appeals the district court's affirmance of the Secretary of Health and Human Services' denial of his applications for disability insurance benefits and supplemental security income benefits. Specifically, Mackinaw objects to the Administrative Law Judge's finding, without considering the testimony of a vocational expert, that Mackinaw was able to engage in gainful activity. We reverse and remand.

Mackinaw applied in 1985 for disability insurance benefits under 42 U.S.C. §§ 401–433 and supplemental security income benefits under 42 U.S.C. §§ 1381–1383. The Department of Health and Human Services considered his applications and denied benefits. On August 27, 1986, an ALJ heard and denied Mackinaw's claims. After the Appeals Council of the Social Security Administration denied Mackinaw's request for review, Mackinaw appealed to the District Court for the Eastern District of Missouri. The district court granted the Secretary's motion for summary judgment, and this appeal followed.

Mackinaw has suffered from ulcerative colitis[1] since 1969. He underwent a total colectomy[2] at that time and had an ileostomy[3] placed. The ileostomy bag, which Mackinaw must empty several times a day, collects diarrhea and blood. His rectum is closed, but it bleeds when he is under physical strain.

---

[*] The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1] Ulcerative colitis is chronic recurrant ulcerations in the colon and is manifested by cramping abdominal pain, rectal bleeding, and loose discharges of blood, pus, and mucus with scanty fecal particles.

[2] A total colectomy is a procedure by which the whole colon is removed.

[3] An ileostomy is a surgical creation of an opening through the abdomen into the small intestine. An ileostomy bag is connected, into which fecal matter is directed from the rectum.

Mackinaw was last employed for Common Community Betterment Federation (CCBF), where he repaired houses. In June of 1984, CCBF laid off Mackinaw. CCBF provided no reason for its action, but Mackinaw believes it was because he was required to go to a filling station during the day to empty his ileostomy bag.

Mackinaw applied for benefits in 1985 because of hemorrhaging in his rectum and ileostomy stump and arthritis in his muscles. Mackinaw testified that he bleeds from the rectum when he squats and from both the rectum and ileostomy stump when he lifts objects. He must empty the ileostomy bag approximately ten times during the day and must awake every two hours during the night to empty it.

Mackinaw also testified that he has arthritis in the muscles of his back and upper extremities. This precludes him from walking beyond three blocks, standing for longer than half an hour, and sitting for more than one hour. The ALJ found that Mackinaw was credible and that he had testified candidly.

The ALJ found that Mackinaw was incapable of performing his past relevant work. He then noted that the burden shifted to the Secretary to show by a preponderance of the evidence that Mackinaw is capable of doing other work. *See McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc). The ALJ determined that Mackinaw could perform sedentary work, that he was a "younger person," and that he had a limited education. The ALJ then consulted the Medical–Vocational Guidelines (Guidelines) set forth in 20 C.F.R. Part 404, app. 2 and concluded that Mackinaw was not disabled.

The difficulty with this application of the Guidelines is that Mackinaw has certain exceptions to his ability to perform sedentary work. Sedentary work is defined as involving sitting and no more than ten pounds of lifting, although a certain amount of standing and walking is often

necessary. *Id.* Mackinaw, however, is unable to walk beyond three blocks, stand for longer than half an hour, or sit for more than one hour. In addition, he experiences abdominal and rectal pain and bleeding if he squats or bends. In these ways, Mackinaw's characteristics differ from the Guidelines' description of sedentary work capabilities. Moreover, the impairment resulting from the frequent need to maintain the ileostomy bag night and day constitutes a characteristic that differs from those set forth in the Guidelines.

> Where the claimant's relevant characteristics differ in any material respect from those characteristics contemplated by the Guidelines, the Guidelines may not be applied. * * * Instead, the Secretary must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics.

*Tucker v. Heckler*, 776 F.2d 793, 795–96 (8th Cir.1985) (citations omitted). *See also Thompson v. Bowen*, 850 F.2d 346, 350 (8th Cir.1988).

Mackinaw's characteristics differ materially from the sedentary work characteristics outlined in the Guidelines. Accordingly, the Secretary must produce a vocational expert to establish that Mackinaw is not disabled. We reverse the summary judgment and remand the case with directions that the district court remand to the Secretary for a new hearing.