**Marian B. PRINCE, Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 89–1149.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1989.

Decided Jan. 17, 1990.

1. The Honorable Carolyn Miller Parr, United States Tax Court Judge.

Sam Boyce, Newport, Ark., for appellant.

Karen J. Sharp, Dallas, Tex., and Ramona M. Bell, Baltimore, Md., for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MCMILLAN,* United States District Judge.

HEANEY, Senior Circuit Judge.

Marian Prince appeals from the decision of the district court affirming the Secretary of Health and Human Services' denial of her application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383 (1982). We reverse and remand to the district court with instructions to the Secretary to award Prince SSI benefits as of April 1, 1984.

## BACKGROUND

Prince, 46, has an eighth-grade education. She applied for SSI on April 12, 1984, alleging disability from March 15, 1984 because of arthritis and emphysema. Prince also has a hiatal hernia, bronchitis, heart disease, headaches, and urinary incontinence. Prince has not been employed since 1969, when she worked as a farm laborer. Prince's application was denied through the reconsideration stage and she received a hearing before an administrative

* The Honorable James B. McMillan, United States District Judge, sitting by designation.

law judge (ALJ). The ALJ denied her application and the Appeals Council denied her request for review. Prince then filed a complaint in the district court, which reversed the Secretary's decision and remanded the case for a reevaluation of the credibility of Prince's subjective complaints of pain.

On rehearing, the ALJ again denied Prince's application. He found that Prince had severe osteoarthritis, mild chronic obstructive pulmonary disease with emphysema, urinary incontinence, and a hiatal hernia, but that none of these impairments or combinations thereof equaled an impairment listed in the Social Security Regulations. The ALJ concluded that Prince's complaints of disabling pain were not credible in light of the total record. He stated that neither testimony by Prince and two relatives nor the medical evidence showed that Prince's pain was of sufficient frequency, intensity, or duration to be disabling. The ALJ also relied on Prince's failure to seek continuing medical treatment or to take extensive pain medication to discount her complaints of arthritic pain. Finally, he concluded that her daily activities, which included some housework, walking two and a half blocks to her mother's house, watching TV, and listening to the radio, belied her claims of pain and were consistent with an ability to perform sedentary work.

Because Prince had no past relevant work, the ALJ shifted the burden to the Secretary to prove that jobs which Prince could perform existed in substantial numbers in the national economy. Rather than call on a vocational expert, however, the ALJ consulted the Medical–Vocational Guidelines to determine that Prince was not disabled. Stating that Prince's allegations of pain and discomfort "do not significantly affect her ability to engage in a wide range of sedentary work activity," the ALJ applied the Guidelines and found her ineligible for SSI benefits. Prince appealed to the district court, which affirmed the ALJ's decision.

## DISCUSSION

Prince alleges that the ALJ erred in failing to consider the opinion of her treating physician and in discrediting her subjective complaints of pain.

### I. Evidence from Treating Physicians

Our standard of review of the ALJ's decision is whether substantial evidence on the record as a whole supports the decision. *Chapman v. Bowen*, 810 F.2d 151, 152 (8th Cir.1986). "Substantial evidence" means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Letters in the record from Roland C. Reynolds, M.D., one of Prince's treating physicians, state that she suffers from chronic bronchitis, arteriosclerotic heart disease, rheumatoid arthritis, chronic sinusitis, and hiatal hernia. Dr. Reynolds expressed the opinion that Prince's illnesses precluded her from performing gainful employment. Prince testified that she sees Dr. Reynolds at least once a month. The record from Prince's first administrative hearing also contains sixteen pages of treatment records from Jerry Frankum, Jr., M.D., who frequently treated Prince for a variety of ailments, including bronchitis, emphysema, hiatal hernia, arteriosclerotic heart disease, degenerative arthritis, arthritis pain, and headaches, between 1969 and 1983.

Although the ALJ referred to Dr. Reynolds' letters, he did not discuss Reynolds' opinion that Prince was disabled. Consequently, he gave no reason for rejecting it. A treating physician's opinion should be accorded substantial weight. *See Douglas v. Bowen*, 836 F.2d 392, 395 (8th Cir.1987); *Piercy v. Bowen*, 835 F.2d 190, 191–92 (8th Cir.1987); *see also Kennedy v. Heckler*, 602 F.Supp. 709, 712 (W.D.N.C.1985) (treating physician's opinion may be disregarded only if persuasive contradictory evidence exists). An ALJ's failure to consider or discuss a treating physician's opinion that a claimant is disabled constitutes error

where, as here, the record contains no contradictory medical opinion.

## II. Subjective Allegations of Pain

■■ Under Eighth Circuit law, an ALJ may not discredit allegations of pain merely because of a lack of objective evidence. *Benson v. Heckler,* 780 F.2d 16, 17 (8th Cir.1985). An ALJ may discredit subjective complaints of pain only if they are inconsistent with the record as a whole. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (order), *supplemented,* 751 F.2d 943 (8th Cir.1984), *vacated,* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974, *adhered to on remand,* 804 F.2d 456 (8th Cir.1986), *cert. denied,* 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). If an ALJ rejects a claimant's testimony regarding pain, he must make an express credibility determination detailing his reasons for discrediting the testimony. *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985).

■ The standard by which Eighth Circuit adjudicators must assess subjective complaints of pain in claims for Social Security benefits is set forth in *Polaski v. Heckler,* 739 F.2d at 1321–22. *Polaski* requires an ALJ to give full consideration to all evidence relating to subjective complaints, including the claimant's prior work record and observations by physicians and third parties regarding: the claimant's daily activities; duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions. *Id.* at 1322.

■ The ALJ disbelieved Prince's allegations of pain because she did not take "extensive pain medication or ha[ve] serious side effects from medication that she takes." The record shows, however, that at the time of both hearings, Prince daily took either Anaprox or Feldene, both of which are prescription analgesics. She also took aspirin and Tylenol for headaches and joint pain. Consequently, the record evidence does not support the ALJ's conclusion that Prince's allegations of pain were not credible because she did not take extensive pain medication.

Additionally, Prince's mother and cousin testified at both hearings that they frequently had observed her experiencing pain which they believed to be severe. When an ALJ fails to believe lay testimony about a claimant's allegations of pain, he should discuss the testimony specifically and make explicit credibility determinations. *Smith v. Heckler,* 735 F.2d 312, 317 (8th Cir.1984). Here, the ALJ failed to make such determinations, stating only that Prince's subjective complaints of pain were not fully credible in light of the total evidence of record.

The ALJ also cited Prince's failure to seek continuing medical treatment for her arthritic pain as a reason to discredit her subjective complaints. Prince testified, however, that in addition to taking prescription and nonprescription pain medication daily, she sees her treating physician at least once a month. Substantial evidence on the record therefore does not support the ALJ's conclusion that Prince had not sought continuing treatment for her arthritic pain.

The ALJ also found Prince's daily activities, which included housework, caring for her daughter, and walking two and a half blocks to her mother's house, to contradict her allegations of pain. The ALJ additionally found these daily activities to be probative of Prince's ability to perform sedentary work. Prince and her mother both testified, however, that she needed to stop and rest at least once or twice during her walk to her mother's. Prince also testified that her back pain is occasionally so severe that she cannot lie in bed and that she requires help in standing up from a seated position. Prince also stated that she sometimes cannot use her arms because of pain.

■ This court often has noted that an ability to do light housecleaning does not necessarily indicate an ability to perform gainful employment. *See Easter v. Bowen,* 867 F.2d 1128, 1130 (8th Cir.1989); *Yawitz v. Weinberger,* 498 F.2d 956, 960 (8th Cir.1974). We find no medical or nonmedical evidence in the record to support a conclusion that Prince is capable of performing sedentary work "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v.*

*Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (citation omitted). The ALJ therefore erred in concluding that Prince's daily activities disprove her disability.[1]

## CONCLUSION

The evidence on the record as a whole indicates that the ALJ erroneously discounted Prince's treating physician's opinion and improperly discredited her subjective complaints of pain. Substantial uncontradicted testimony and medical evidence support the conclusion that Prince is disabled within the meaning of the Social Security Act. We therefore reverse this case and remand it to the district court with instructions to the Secretary to award Prince SSI benefits as of April 1, 1984.

1. Prince also claims that the ALJ erred in applying the Medical–Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, to find her not disabled without taking the testimony of a vocational expert. If a claimant's relevant characteristics differ in any material respect from those of the Guidelines, the Guidelines cannot be applied and testimony must be taken from a vocational expert. *Allred v. Heckler*, 729 F.2d 529, 533 (8th Cir.1984); *McCoy v. Schweiker*, 683 F.2d 1138, 1146 (8th Cir.1982) (en banc). Additionally, the Guidelines are not applicable where a claimant has both exertional and nonexertional impairments. *See Fazio v. Heckler*, 760 F.2d 187, 189 (8th Cir.1985). Pain is a nonexertional impairment. *Holland v. Heckler*, 768 F.2d 277, 282 (8th Cir.1985).

In this case, the ALJ substantially discounted Prince's subjective allegations of pain, although he conceded that she may experience "mild to moderate" pain. Despite this conclusion, however, the ALJ mechanically applied the Guidelines without calling a vocational expert. Although an ALJ may have heard the testimony of vocational experts in a multitude of disability cases, an ALJ is not qualified to provide affirmative vocational evidence. *See Wilson v. Califano*, 617 F.2d 1050, 1053–54 & n. 2 (4th Cir.1980). Once the ALJ shifted the burden to the Secretary to demonstrate that jobs which Prince could perform existed in substantial numbers in the national economy, he should have used the testimony of a vocational expert to meet that burden. In light of the evidence on the record as a whole, however, and because Prince already has waited nearly six years for a final determination of her disability claim, we believe a remand to the Secretary for still another hearing would be superfluous.