933 F.2d 674
 33 Soc.Sec.Rep.Ser. 421, Unempl.Ins.Rep. CCH 16040A
Lois F. FLESHMAN, Deceased, by her husband, Richard W.
Fleshman, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 90-1830.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 7, 1991.
Decided May 24, 1991.
 
 John A. Bowman, Davenport, Iowa, for appellant.
 Robert C. Dopf, Des Moines, Iowa, for appellee.
 Before ARNOLD and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Richard W. Fleshman, husband of Lois Fleshman, deceased, appeals from the district court's decision affirming the Secretary of Health and Human Services' denial of benefits under Title II of the Social Security Act. We reverse and remand to the district court with instructions to the Secretary to award disability benefits from August 1, 1983, to December 31, 1983, to Mrs. Fleshman's estate.I.
 
 
 2
 Lois F. Fleshman filed an application for social security benefits on November 11, 1977. The Social Security Administration found her entitled to disability benefits, beginning on August 15, 1977. In October 1983, the Administration discontinued Mrs. Fleshman's benefits because it found that her disability had ceased in August 1983. In 1986, Mrs. Fleshman again applied for benefits. Her application was denied through the reconsideration level, and she received a hearing before an administrative law judge. On June 23, 1987, the ALJ issued a decision denying her application. The recording of the hearing was subsequently found to be inaudible, and the Appeals Council vacated the ALJ's decision and remanded the case for a new hearing, which was held before a different administrative law judge on March 16, 1988. On March 31, 1988, the ALJ issued a decision that again denied Mrs. Fleshman benefits on the ground that she was capable of returning to her past relevant work and was therefore not disabled. The Appeals Council denied Mrs. Fleshman's request for review on September 26, 1988. Mrs. Fleshman died on October 26, 1988. Her husband filed a complaint in district court on December 2, 1988. The district court affirmed the ALJ's conclusion that Mrs. Fleshman was not disabled between November 1 and December 31, 1983.
 
 
 3
 On July 25, 1990, a different administrative law judge entered a decision that found that Mrs. Fleshman's disability had not ceased on August 1, 1983, but, giving res judicata effect to the ALJ's March 31, 1988, decision, found that Mrs. Fleshman was entitled to benefits only for the period from August 1, 1983, through October 31, 1983. (There is a more elaborate explanation for the procedural labyrinth that Mrs. Fleshman's claim was swallowed up in, but no particular purpose would be served by detailing it here.)
 
 
 4
 Lois Fleshman was born May 11, 1937. She graduated from high school and had some training in office skills at a community college. She worked as a billing machine operator, salvage yard laborer, and waitress. From the time she was in her late twenties, Mrs. Fleshman suffered from severe medical problems. In 1962, she suffered a stroke that required brain surgery and affected her left side. She had a history of chronic renal failure, at least since 1974, that required dialysis. In 1978 she briefly went into a coma. She had a kidney transplant in 1979 that required her to take numerous medications to prevent rejection of the transplanted organ.
 
 
 5
 Mrs. Fleshman complained of various side effects from the medications, including mental confusion, the need to urinate often, thinness of her skin making her prone to cuts and bruises, mood swings, a full face, a full stomach, bone deterioration, and weakness in her legs, plus the constant fear of infection and falling. The medication also affected her vision, requiring her to undergo cataract surgery in 1981. These side effects were documented by her treating physician.
 
 
 6
 Mrs. Fleshman had complained of pain in her legs and knees and difficulty in walking as early as 1977, when she began treatments for kidney failure. Her husband recognized a loss of memory and general confusion, which started with the use of medications after Mrs. Fleshman's kidney transplant in 1979. As her use of steroids and other medications continued, Mrs. Fleshman's condition deteriorated. Eventually, the pain and weakness of her legs left her incapable of climbing stairs, walking, or sitting or standing for any period of time. The danger of infection kept her away from crowds. This combination of side effects left her essentially housebound.
 
 
 7
 Mrs. Fleshman last met the disability insured status requirements on December 31, 1983. The issue we must resolve is whether or not substantial evidence in the record as a whole supports the ALJ's March 31, 1988, decision that Mrs. Fleshman was not disabled from November 1, 1983, through December 31, 1983.
 
 
 8
 The ALJ may disbelieve a claimant's subjective complaints of pain based on inconsistencies in the evidence in the record as a whole. Penn v. Sullivan, 896 F.2d 313, 316 (8th Cir.1990). Here, the ALJ found Mrs. Fleshman's account of her pain and suffering inconsistent with the notes taken by physicians in 1984 that she was "doing well." We perceive no inconsistency in the evidence of Mrs. Fleshman's medical condition and resulting pain. A person who has undergone a kidney transplant may indeed "feel better" than she did when she was undergoing dialysis, but testimony to that effect is not inconsistent with the pain and confusion that Mrs. Fleshman continued to experience, and certainly does not compel the conclusion that she was therefore able to work. The evaluation of pain, after all, cannot be registered with mathematical precision. It is very likely that Mrs. Fleshman continued "to do well" after her 1979 surgery--for someone who has had a kidney transplant. The fact that her body did not reject the transplanted organ speaks well of Mrs. Fleshman's determination to survive, but it did not compel nor support a finding that Mrs. Fleshman was not disabled during the period in question.
 
 
 9
 The ALJ did follow the outline of considerations to be made when assessing the credibility of Mrs. Fleshman's testimony. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted). The ALJ gave great weight to an April 1983 report to the Administration in which Mrs. Fleshman indicated that she was able to groom herself and do some housekeeping. The report included a notation that Mrs. Fleshman also stated that "I would like to try to work but am not sure I could handle it." Mrs. Fleshman spent most of her time watching television; she found it difficult to read because of her condition. She reported at that time that she tried to walk for exercise, but found it difficult to go up and down stairs.
 
 
 10
 It is on the basis of the April 1983 report that Mrs. Fleshman's benefits were discontinued. The Social Security examiner's report of June, 1983, precipitated by Mrs. Fleshman's report in April, reveals these findings: "Have deteriation [sic] of bones in lower body due to the kidney disease. This is now arrested but will never be cured. Have [sic] trouble climbing stairs, walking, stooping, & rising from stoop must pull self up with arms."
 
 
 11
 The ALJ discounted Mrs. Fleshman's treating physician's conclusions that Mrs. Fleshman was totally disabled and that her medication caused recurrent episodes of mental confusion and disorientation. We see no justification for the ALJ's disregarding the record, which clearly indicates the pain and suffering Mrs. Fleshman experienced in reaction to her severe medical impairments and the medications she took to combat her various handicaps. As we recently held, "The opinion of a treating physician is entitled to great weight 'unless it is unsupported by medically acceptable clinical or diagnostic data.' " Ghant v. Bowen, 930 F.2d 633, 639 (8th Cir.1991) (quoting Kirby v. Sullivan, 923 F.2d 1323, 1328 (8th Cir.1991)). "Moreover, a treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight." Ghant, 930 F.2d at 639.
 
 
 12
 We find the total record is so overwhelmingly in support of a finding of disability that remand for further findings is not necessary, and indeed has been made almost impossible by Mrs. Fleshman's intervening death.
 
 
 13
 The findings in the July 25, 1990, decision of the ALJ are carefully detailed, consistent with Mrs. Fleshman's complaints, and supported by the record as a whole. Although technically speaking that decision is not before us in this appeal, we would be oblivious to reality if we did not recognize the practical effect of those findings. There being no evidence to support a finding that Mrs. Fleshman's physical condition changed in any material way between August 1, 1983, and December 31, 1983, Mrs. Fleshman is entitled to disability benefits throughout that entire period. Any other disposition of this case would needlessly prolong an administrative procedure that has, in large part at least because of the Administration's failings, dragged on for too long already.
 
 
 14
 The district court's judgment is reversed, and the case is remanded with directions that benefits be awarded for the period from August 1, 1983, through December 31, 1983.