**Orville C. UTLEY, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

No. 90–2554.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1991.

Decided Aug. 23, 1991.

Vicki A. Dempsey, Hannibal, Mo., for appellant.

Wesley D. Wedemeyer, St. Louis, Mo., argued (Stephen B. Higgins, Wesley D. Wedemeyer, St. Louis, Mo., and Frank V. Smith and Nancy K. Born, Kansas City, Mo., on the brief), for appellee.

Before LAY, Chief Judge, FRIEDMAN,[*] Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Orville C. Utley appeals the district court's[1] order upholding the Secretary of Health and Human Services' decision to deny him supplemental social security benefits. We find the record contains undisputed corroborated testimony that Utley's severe leg and back injuries have rendered him unable to sit for more than twenty minutes, and that his treating physician concluded he was permanently disabled. We find there is not substantial evidence on the record as a whole to support the Secretary's decision. We reverse and order the Secretary to award benefits.

*Background*

Orville Utley is fifty-seven years old and has a ninth grade education. He has worked at various jobs including dishwasher, die cast and furnace operator, punch press operator, and farm worker. He was last employed from September, 1984, until May, 1985, as a taxicab dispatcher. His intelligence was evaluated to be low average to borderline. Since 1985 Utley's sole income has come from general assistance.

Utley applied for supplemental social security benefits under Title XVI of the Social Security Act on May 21, 1987.[2] His primary claim of disability is constant lower back pain. He also suffers from injuries received in a 1963 accident in which his right leg was crushed and nearly severed. Surgeons replaced part of Utley's right leg bone with a pin, which made the right leg an inch and one half shorter than Utley's left leg. Utley suffers from numbness below the knee in both legs and walks only with a cane. He wears an elevated right shoe to compensate for the shorter leg. Utley also suffers from headaches and blackout spells resulting from a car accident in 1980.

Utley testified that he has constant back pain which is relieved only when he lies flat on the floor on his stomach. He stated he cannot stand for more than thirty minutes and cannot sit for more than fifteen to twenty minutes. The latter limitation was demonstrated before the administrative law judge when Utley stood up three times during the one-hour hearing. Utley testified that he stopped driving in 1984 due to poor reflexes. He cannot lift more than ten pounds. He does very little walking and he estimated it would take him twenty to twenty-five minutes to walk one and one half blocks. Utley testified he was not capable of performing sitting or standing work. He spends a typical day reading or watching television and spends virtually all of his time lying down on the floor.

Several doctors have treated Utley or have reviewed his medical records and ren-

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. Utley previously filed for social security disability benefits under both Title II and Title XVI on January 7, 1986. Both applications were denied on August 26, 1986.

dered opinions on his medical condition. Doctor George Kerkemeyer, Utley's treating physician, determined that Utley is permanently disabled and can no longer engage in full-time employment. Doctor Kerkemeyer found Utley's disability due to neuropathy of his lower legs coupled with lower back pain. He found Utley had no sensation below the mid-thigh of both legs, and because of this loss of sensation Utley "may unpredictably have loss of control over the lower extremities and thus fall." The doctor prescribed a walking cane. A CT scan of Utley's lumbar spine indicated probable disc damage and spondylolisthesis.

The administrative law judge (ALJ) discounted the treating physician's diagnosis, although he conceded that "[i]f Dr. Kerkemeyer's conclusions were to be accepted, the claimant would be incapable of any substantial gainful activity and would be disabled." Rather than accept the conclusion of Utley's treating physician, the ALJ instead credited the reports of two other doctors. Doctor Julio Del Castillo examined Utley on one occasion. However, contrary to the ALJ's findings, Dr. Del Castillo did not contradict Dr. Kerkemeyer's finding of disability. In his report Dr. Del Castillo stated that "[t]he neurological examination reveals the patient's back to be limited in motion and painful to all maneuvers." Although Dr. Del Castillo found no symptoms suggesting nerve root compression, he found a "good explanation of his pain on an arthritic basis considering the changes that one would see on the x-rays." Thus, Dr. Del Castillo accepted Utley's subjective allegations of low back pain. At no point in the record did Dr. Del Castillo express an opinion as to whether Utley was disabled.

The ALJ also credited the report of Dr. Carlos DaCosta, who examined Utley on several occasions. Doctor DaCosta also did not contradict Dr. Kerkemeyer's finding that Utley is permanently disabled. He concluded that Utley has "[s]evere degenerative changes of the lumbar spine with lumbar stenosis." Doctor DaCosta accepted Utley's subjective claims of lower back pain, finding that his "lumbar stenosis ... is secondary to degenerative arthritis and is the cause of his chronic low back pain." The ALJ placed great weight on the fact that Dr. DaCosta "placed no specific limitations on the claimant's activities." This finding is misleading, however, for there is no indication in the record that Dr. DaCosta made any recommendation at all regarding Utley's activities. As with Dr. Del Castillo, Dr. DaCosta did not express an opinion as to whether Utley was disabled.

A summary of the medical evidence demonstrates that there is not substantial evidence in the record to support the Secretary's decision. Utley claims to be disabled due to chronic low back pain and states that he can sit for no more than twenty minutes at a time. Utley's treating physician has concluded that Utley is permanently disabled and unable to work. Two other doctors do not contradict this finding and in fact provide objective support for Utley's allegations of pain. The fact that the doctors may disagree about the cause of Utley's pain is of no consequence, for the ultimate inquiry here is whether Utley is disabled, not why he is disabled.

Our review of the record reveals uncontradicted evidence that Utley is permanently disabled as defined under the Act. The ALJ explicitly stated that if he accepted Dr. Kerkemeyer's findings he would find Utley disabled. As we have stated in the past, "this circuit ... requires the ALJ to give substantial weight to the treating physician's opinion in the evaluation process." *Turpin v. Bowen*, 813 F.2d 165, 170 (8th Cir.1987). The ALJ erred in discounting the treating physician's testimony, particularly on the basis of the reports of other physicians who did not contradict Dr. Kerkemeyer. We have no cause for remand because the ALJ stated that he would find Utley disabled if he credited Dr. Kerkemeyer's opinion. Consequently we reverse and order the Secretary to award benefits in accordance with this decision.