Ruby PRICE, (SS# 429–70–5945) Plaintiff,

v.

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant.**

**No. B–C–91–011.**

United States District Court, E.D. Arkansas, N.D.

Feb. 26, 1992.

855

Frederick S. Spencer, Mountain Home, Ark., for plaintiff.

Jana Brown, Asst. U.S. Atty., Little Rock, Ark., for defendant.

ORDER

ELSIJANE TRIMBLE ROY, District Judge.

The plaintiff in this case has appealed the final decision of the Secretary of Health and Human Services denying her claim for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381a. Both parties have moved for summary judgment. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Secretary's decision. 42 U.S.C. § 405(g) (1976 & Supp. V 1981).

This review function is extremely limited. The Court's function on review is to determine whether the Secretary's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). *See also Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445 (8th Cir.1983); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983). The Court must accept the agency's factual determinations and reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.,* 540 F.2d 353, 355 (8th Cir.1976). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The history of the administrative proceedings and the facts relevant to this decision are contained in the respective summary judgment motions and are not in serious dispute. They therefore will not be repeated in this opinion except as necessary.

The plaintiff, who is seeking benefits due to back and neck problems, was found not disabled within the meaning of the Social Security Act by the Secretary. The only

issue before this Court is whether the Secretary's decision that plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

\* \* \*

■ The ALJ in this case concluded that the plaintiff is not disabled within the meaning of the Social Security Act (Tr. 10–11). In his decision, the ALJ found that the medical evidence establishes that the plaintiff has "severe cervical and lumbar paraspinous myositis, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." (Tr. 10) The ALJ further found that the plaintiff's testimony regarding her subjective complaints of pain was "not credible to the extent alleged" with respect to the severity of her pain and overall impairment and that her impairments "do not prevent the claimant from performing her past relevant work." (Tr. 10)

The appeals council denied the plaintiff's request for review, making the decision of the ALJ the final decision of the Secretary (Tr. 2). After careful consideration of the record as whole, the Court finds that the decision of the Secretary is not supported by substantial evidence and that the Secretary's decision must be reversed.

\* \* \*

The plaintiff, who at the time of the hearing held on September 22, 1989, was 48 years old, has a tenth grade education and past relevant work as a matron in a foster home facility and as a burrito roller in a restaurant (Tr. 58). The plaintiff alleged that she has been disabled since October of 1986. The ALJ found that she "has not engaged in substantial gainful activity since October 30, 1986." (Tr. 10)

The Secretary considered the plaintiff's various ailments in light of the "Listings" set out at 20 C.F.R. Part 404, Subpt. P, App. 1 (1990). The ALJ determined that the objective clinical signs and findings in the case of the plaintiff failed to meet the Listings.

He also considered the plaintiff's subjective complaints of pain. As stated above, the ALJ found the plaintiff's testimony as to the severity of her pain not to be fully credible. He therefore concluded that the plaintiff had the residual functional capacity to perform work-related activities.

However, "[a]n ALJ may discredit subjective complaints of pain only if they are inconsistent with the record as a whole." *Prince v. Bowen*, 894 F.2d 283, 286 (8th Cir.1990), citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984). "If an ALJ rejects a claimant's testimony regarding pain, he must make an express credibility determination detailing his reasons for discrediting the testimony." *Prince*, 894 F.2d at 286.

The ALJ listed three "inconsistencies in the record" to substantiate his finding of incredibility:

1) the plaintiff's daily activities;

2) a lack of strong prescription pain medication; and

3) the lack of medical treatment since July 1987.

(Tr. 9).

■ The latter two reasons basically have to do with a lack of objective medical evidence supporting the plaintiff's subjective complaints. Though a lack of medical evidence can be considered when judging the credibility of a claimant, it may not be the sole reason for discounting those subjective complaints. *Polaski v. Heckler* [citation omitted]. Therefore, the Court will now examine the remaining reason cited for discounting the plaintiff's subjective complaints, her daily activities.

The ALJ cited the activities of "preparing the meals, doing the dishes, performing all household chores, shopping visiting with friends and driving" as not being consistent with her complaints of pain. As far as doing household chores, the plaintiff testified that she was much more restricted in her housekeeping than she was prior to her 1986 automobile accident (Tr. 25–26). For example, she does a little bit then sits or lies down to rest for a while. Also, her husband helps her with some of the cooking and housekeeping (Tr. 26). In addition, she still can handle her personal matters

like bathing, dressing, etc., but she must now take her time in doing so (Tr. 27).

In short, it seems apparent that the plaintiff's everyday activities are restricted, if not eliminated. However, "disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." *Smith v. Califano,* 637 F.2d 968, 971 (3rd Cir.1981). *See also, Easter v. Bowen,* 867 F.2d 1128, 1130 (8th Cir.1989). Evidence that a claimant can do minimal dusting and prepare meals does not disprove disability. *Nettles v. Schweiker,* 714 F.2d 833, 837 (8th Cir.1983). Similarly, evidence that a claimant can take short walks, watch television and drive a car infrequently for short distances did not disprove disability. *McDonald v. Schweiker,* 698 F.2d 361, 363 (8th Cir.1982). Plaintiff's daily activities are not inconsistent with her complaints of pain.

\* \* \*

■ Based on the foregoing, this Court finds that the ALJ's findings of inconsistencies, and the resulting discounting of plaintiff's subjective complaints of pain, are not supported by substantial evidence. The Secretary's decision that the plaintiff is capable of engaging in her past relevant work as a housekeeper and a restaurant employee is not supported by substantial evidence. Therefore, the Secretary has failed to meet his burden to show there are jobs in existence in the national economy which the plaintiff could reasonably be expected to do. *Brown v. Sullivan,* 902 F.2d 1292 (8th Cir.1990).

ACCORDINGLY, the plaintiff's motion for summary judgment is granted; the motion of the defendant is denied. This matter is reversed and remanded for the calculation of benefits. All other pending motions are rendered moot. This is a "sentence four remand" within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan,* — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

IT IS SO ORDERED.