**Ruth CARRAHER, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 3–91–CV–10132.**

United States District Court, S.D. Iowa, Davenport Division.

July 13, 1992.

---

John A. Bowman, Wells, McNally & Bowman, Davenport, Iowa, for plaintiff.

Richard L. Richards, Asst. U.S. Atty., Gene W. Shepard, U.S. Atty., Des Moines, Iowa, for defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks judicial review of the Health and Human Services Secretary's decision which denied her benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Pursuant to 42 U.S.C. § 1383(c)(3) this court may review a final decision by the Secretary.

## I. PROCEDURAL HISTORY

Claimant applied for Supplemental Security Income benefits April 10, 1986. This application was denied initially on May 19, 1986, and by reconsidered determination dated July 17, 1986. Claimant did not appeal.

Carraher protectively filed her current application on April 9, 1987. This application was denied initially on June 18, 1987, and by reconsidered determination dated August 14, 1987. Claimant timely requested a hearing before an Administrative Law Judge (ALJ). After a hearing held April 13, 1988, ALJ John Johnson affirmed the prior denials of the Administration. Claimant requested review before the Appeals Council. On March 2, 1989, the Appeals Council vacated the ALJ's decision, and remanded the case for further proceedings.

On May 31, 1989, ALJ Johnson reconsidered all testimony given at the hearing in April 1988, but again concluded that claimant was not disabled for purposes of supplemental security income benefits. On November 27, 1989, the Appeals Council vacated the hearing decision and remanded the case for further proceedings including a new decision. The Council instructed the ALJ to

> consider the medical opinion of the treating physician according to *Turpin v. Bowen* [813 F.2d 165 (8th Cir.1987)] and explain why he has either accepted or rejected the statement of the treating source. Further, the Administrative Law Judge will discuss the entries in the Psychiatric Review Technique form and make the appropriate findings on the limitations resulting from the claimant's mental impairment and on her ability to function in a work setting.

App. at 39.

ALJ Johnson held the second hearing April 17, 1990, and issued his third opinion on November 27, 1990, finding the claimant was not disabled as defined by the Act. The Appeals Council denied claimant's request for review September 16, 1991. The November 1990 decision of the ALJ stands as the final decision of the Secretary in this case.

Claimant commenced this proceeding November 20, 1991.

## II. FINDINGS OF THE SECRETARY

Ruth Carraher was born July 21, 1942. The ALJ found the medical evidence establishes that Carraher has

> primary biliary cirrhosis, reflux esophagitis with spasm, gastritis, duodenitis, history of irritable bowel syndrome with complaints of abdominal pain, diabetes mellitus with possible peripheral neuropathy, flexor tenosynovitis of the hands, a medically determinable disorder resulting in complaints of atypical chest pain, a history of herniated disc syndrome, a possible drug dependent personality disorder and possible somatoform pain disorder, a history of hyperventilation syndrome, obesity, degenerative arthritis of the lumbar and cervical spine and other

joints, costochondritis with pain, and a medically determinable disorder resulting in circulation disorders of the lower extremities, *but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed* in Appendix 1, Subpart P, Regulations No. 4.

App. at 23 ¶ 2 (emphasis added).

The ALJ found that claimant has not engaged in substantial gainful activity from at least the time she filed the current application for SSI benefits.

It was also determined that Carraher retains the residual functional capacity (RFC) to lift and carry somewhat less than 10 pounds at a time on occasion or repeatedly; stand approximately 60 minutes at a time; walk occasionally; and bend, squat, crawl, or climb occasionally. She cannot do repetitive work with her arms above shoulder level. The ALJ also found that Carraher has a limited education.

Further, the ALJ resolved that Carraher was unable to perform her past relevant work as a waitress or salesperson. Once claimant has shown that her impairments prevent her from returning to her past relevant work, the burden shifts to the Secretary to demonstrate by "a preponderance of the evidence that [claimant] is capable of doing other work." *Mackinaw v. Bowen,* 866 F.2d 1023, 1024 (8th Cir.1989). After testimony from a vocational expert the ALJ concluded claimant possessed the ability to perform other jobs existing in the national economy, including telephone solicitor and order clerk.

The ALJ found the claimant was not disabled as defined by the Social Security Act, and SSI benefits were denied.

## III. DISCUSSION OF FACTS AND CONCLUSIONS OF LAW

The Secretary has established a five-step process for determining whether a person is disabled. 20 C.F.R. § 416.920.

First, the Secretary must determine whether a claimant for disability benefits is engaged in "substantial gainful activity." *Id.,* § 416.920(b). Second, the Secretary determines whether the claimant has a severe impairment, that is, "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.,* § 416.920(c). Third, the Secretary determines whether the claimant has an impairment which meets or equals one of the impairments listed in the regulations. *Id.,* § 416.920(d) and Part 404, Subpart P, Appendix 1. Fourth, the Secretary considers the claimant's residual functional capacity and the physical and mental demands of the claimant's past work, and determines whether the claimant can still perform that work. *Id.,* § 416.920(e). Last, the Secretary determines whether any substantial gainful activity exists in the national economy which the claimant can perform. *Id.,* § 416.920(a), § 416.920(f).

*Boyd v. Sullivan,* 960 F.2d 733, 735 (8th Cir.1992).

There is no dispute that Carraher is no longer engaged in any substantial gainful activity, that she has a severe impairment, and that she cannot return to her past work as a waitress or salesperson. Claimant does dispute that her impairment does not meet or equal one of the listed impairments, and that any jobs exist in the national economy which Carraher could perform.

The standard of review of an ALJ's decision is whether substantial evidence on the record as a whole supports the opinion. *Prince v. Bowen,* 894 F.2d 283, 285 (8th Cir.1990).

### A. Severe impairment

The ALJ found Carraher did have severe impairments, but determined that these were not disabling in and of themselves or when considered in combination with each other sufficient to met or equal the level of severity found in Appendix 1, Subpart P, Regulations No. 4. He also considered Carraher's psychological impairments, somatoform pain disorder, passive-dependent personality disorder, and possible substance addiction disorder. He found, how-

ever, that the mental impairments did not significantly affect her ability to work. App. at 15. For the following reasons, these findings are not supported by the record as a whole.

### 1. *Physical Impairments*

■ As stated above, the ALJ found that claimant did have severe physical impairments, but that they did not meet or equal the listings. The ALJ found only minimal problems with arthritis, no determinable heart problems, no current or recurrent ulceration, only mild portal hepatitis with primary biliary cirrhosis, and that her diabetes is controlled by medication. App. at 13–15.

Claimant's medical records reflect that she was diagnosed and treated for each of the above-mentioned physical conditions. She continues to meet with her physicians routinely. Her family physician, Dr. Twyner, reported that Carraher could not stand longer than 20 minutes, that she tires after one block of walking, that she must use a cane 100% of the time, and requires a wheelchair when she can not walk with a cane. He found that she could not lift ten pounds, and in an eight-hour day, could stand for only one hour total. He believed her prognosis to be extremely poor. App. at 419–420.

The ALJ believed Dr. Twyner "either overstated the claimant's physical limitations ... or was merely stating the claimant's own report of her limitations rather than his medical judgment as to her limitations." App. at 18–19. While the record does reflect some inconsistencies within Dr. Twyner's answers, this does not taint his testimony as a whole. For example, Dr. Twyner states in Exhibit 52 that claimant required the use of a cane all of the time and to use a wheelchair when she can not use a cane. However, in Exhibit 104 he denies having prescribed the use of either a cane or wheelchair. The ALJ found "it unbelievable that if the claimant indeed requires these assistive devices to ambulate, that no mention would have been made of them in the treating source records." App. at 19. The fact that there was no prescription for the use of these

devices does not defeat the testimony of both claimant and her treating physician that she did need to use a cane and/or wheelchair, only that one was not specifically prescribed.

Further, Dr. Twyner was the only physician who treated Carraher for all of her symptoms and was able to consider them as they affected her as a whole. While other physicians treated Carraher for her individual problems, Dr. Twyner was able to evaluate them in terms of her other conditions and form an opinion as to the disabling nature of the disease as a whole rather than just a distinct impairment.

An ALJ is required to give substantial weight to the treating physician's opinion in the evaluation process. *Utley v. Sullivan*, 943 F.2d 19, 21 (8th Cir.1991); *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988). Substantial evidence on the record as a whole does not support the ALJ's decision to discredit the opinion of Carraher's treating physician, Dr. Twyner.

### 2. *Pain*

■ Carraher's medical records reflect that she has been treated on numerous occasions for chronic pain either in her joints, lower back, or stomach area. She has taken Nubain injections since 1987 for her pain. She takes these several times a day. In a five month period, claimant was treated six times at the emergency room for abdominal pain. App. 617–628. Two of her treating physicians have stated that her pain would keep her from employment. App. at 536 (Dr. Twyner: "patient on the basis of her chronic abdominal pain combined with her multiple medical problem, would be incapable of performing any type of physical labor."); App. at 458 (Dr. Mokhtar (doctor for the Disability Determination Services Bureau): "Due to her chronic pain and drug dependency, I don't believe she would be able to obtain gainful employment.").

While ALJ Johnson lists several of plaintiff's activities, and notes that she takes injections for the pain, he does not evaluate Carraher's pain in light of *Polaski v. Heckler*, 739 F.2d 1320, 1322, *supplemented*, 751 F.2d 943 (8th Cir.1984), *vacated*, 476

U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974, *adhered to on remand,* 804 F.2d 456 (8th Cir.1986), *cert. denied,* 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987) (when making determinations regarding credibility of claimant's subjective allegations of pain, the ALJ must examine: (1) claimant's daily activities; (2) duration and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; (5) functional restrictions). Instead, he states that her pain and impairments resulting from the pain are attributable to a "possible" somatoform pain disorder, App. at 20, and then determines that the psychological impairment did not meet the listings

> because the claimant's mental impairments have resulted in only a moderate restriction of activities of daily living and only slight difficulties in maintaining social functioning, she has only seldom experienced deficiencies of concentration, persistence, or pace, and she has had only one to two episodes of deterioration or decompensation in work or work-like settings, the undersigned is precluded from finding [these disorders] meet or equal the listings].

App. at 15.

The record clearly reflects that possible diagnosis for claimant's disorders include a conversion disorder or somatization disorder. App. at 30, 61, 86, and 462. There is also evidence of substance addiction disorder. App. at 454. A psychological evaluation in 1988 revealed

> she tends to be somewhat passive-dependent and demanding in her relationships with others. She may attempt to control others by developing even more physical symptoms. She has very few friends and may be considered by others as 'hard to get to know'. She lacks self-confidence in dealing with others. Individuals with this passive and withdrawing life-style are often unable to assert themselves appropriately and find that they are frequently taken advantage of.... The personality pattern characterized by this profile is long-standing and quite stable. Some individuals with this profile develop patterns of invalidism

in which they become incapacitated and dependent upon others. Thus in Mrs. Carraher's case the question is whether her reported physical difficulties are as incapacitating as she reports them to be. The background information available for this evaluation suggests they are indeed serious.

App. at 462.

■ The Secretary has defined somatoform disorders as "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R., Part 404, Subpart P, App. 1, § 12.07. The claimant's somatoform disorder need not meet the listings in order to be medically determinable within the meaning of the Social Security regulations. *Pratt v. Sullivan,* 956 F.2d 830, 834 (8th Cir.1992).

In *Easter v. Bowen,* 867 F.2d 1128 (8th Cir.1989), claimant suffered from a somatoform or conversion disorder that caused her to believe her physical ailments were more serious than the clinical data suggested. *Id.* at 1129. While the ALJ discussed the claimant's complaints and noted her somatoform disorder, he did not adequately consider the effects of that mental condition. The Eighth Circuit stated,

> "[i]n concluding that Mrs. Easter is not disabled, the ALJ fails to appreciate that the somatoform disorder itself is disabling in Mrs. Easter's case. Any shortcomings in the objective medical data that support her alleged physical ailments are irrelevant since her primary disorder, as clinically diagnosed, causes her to exaggerate her physical problems in her mind beyond what the medical data indicate."

*Id.* at 1130.

The ALJ found that claimant's mental impairments resulted in only a moderate restriction of activities. The record is replete with claimant's allegations of disabling pain. She made these complaints to every physician who treated her, the physicians prescribed medications for this pain, she continues to take injections for the pain, and she has gone to the emergency

room on many occasions to get relief from the pain. It was error for the ALJ to not consider her pain as disabling. It may be that this pain stems from her somatoform disorder rather than a purely organic cause, but it is disabling nonetheless. Carraher testified that she is unable to do any of the daily chores or participate in any social activities. App. at 125–127. The psychological evaluation revealed that claimant has very few friends, lacks self-confidence, and is often unable to assert herself appropriately. App. at 462. Finally, her uncontradicted testimony that she has "bad days" three to four times a week and spends most of the time in bed, App. at 112, 123, does not support the ALJ's finding that "she has had only one to two episodes of deterioration or decompensation in work or work-like settings." App. at 15.

▪ Substantial evidence in the record of the whole does not support the ALJ's findings regarding Carraher's mental impairments. It was error for the ALJ to find that such an impairment, especially when coupled with her physical impairments, did not meet or equal the listings.

### B. Jobs in the Economy

▪ The ALJ did not include Carraher's mental impairments in the hypothetical questions posed to the vocational expert. This failure rendered the questions defective. To be disregarded, the claimant's statements must be inconsistent with the record as a whole. *Brown v. Sullivan,* 902 F.2d 1292, 1294 (8th Cir.1990). "[V]ocational testimony elicited by hypothetical questions that fail to relate with precision the physical and mental impairments of the claimant cannot constitute substantial evidence to support the Secretary's decision." *Bradley v. Bowen,* 800 F.2d 760, 763 n. 2 (8th Cir.1986). Hypothetical questions must set out precisely the claimant's physical and mental impairments. *Greene v. Sullivan,* 923 F.2d 99, 101 (8th Cir.1991).

In the second hearing, the vocational expert was asked what jobs would be available if claimant was limited by the restrictions as described in her testimony. His response was that there would be no jobs available in the economy for such a person. App. at 189.

### IV. CONCLUSION

There is not substantial evidence on the record as a whole to support the ALJ's decision. *Prince v. Bowen,* 894 F.2d 283, 285 (8th Cir.1990). In light of Carraher's somatoform disorder, the court finds Carraher's statements consistent with the record as a whole, and the ALJ improperly excluded from his hypothetical claimant's allegations of disabling pain which were relevant and credible.

▪ Where a vocational expert has testified a claimant could not perform any work, assuming claimant's complaints were credible, a reviewing court may grant a reversal without remand if it finds the claimant's complaints credible. *Jackson v. Bowen,* 873 F.2d 1111, 1114–15 (8th Cir. 1989). The vocational expert has given such testimony.

▪ Further, the court finds that the total record is so overwhelmingly in support of a finding of disability that remand for further findings is not necessary. "Any other disposition of this case would needlessly prolong an administrative procedure that has, in large part at least because of the Administration's failings, dragged on for too long already." *Fleshman v. Sullivan,* 933 F.2d 674, 676 (8th Cir.1991).

IT IS ORDERED that the decision of the Secretary is reversed. Benefits are to be computed and awarded by the secretary in accordance with this decision.