_____

No. 96-2540
_____

Catherine Oxner,                        *
                                        *
           Appellant,                   *
                                        *
    v.                                  *   Appeal from the United States
                                        *   District Court for the
Shirley S. Chater, Commissioner         *   Western District of Missouri.
of the Social Security                  *
Administration,                         *        [UNPUBLISHED]
                                        *
           Appellee.                    *

_____

              Submitted:  November 20, 1996

                 Filed:  November 27, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Catherine Oxner appeals the district court's[1] grant of summary
judgment in favor of the Social Security Commissioner.  Oxner
unsuccessfully applied for disability insurance benefits, complaining of
a left knee injury, high blood pressure, and high cholesterol.  Having
carefully reviewed the record and Oxner's arguments on appeal, we conclude
the Commissioner's decision is supported by substantial evidence on the
record as a whole.  See Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir.
1992).


     Following a hearing, an administrative law judge (ALJ) found that
Oxner's complaints were partially credible, but that she did not have a
listed impairment.  The ALJ concluded that Oxner was not

_____

     [1]The Honorable Fernando J. Gaitan, Jr., United States District
Judge for the Western District of Missouri.

capable of performing her past relevant work. Based on vocational expert (VE) testimony, however, the ALJ found that Oxner could perform some specific jobs in the light work category, and that those jobs existed in significant numbers in the economy.

Oxner argues that, given the ALJ's finding that she needed the option to sit or stand, she could not perform light work. The VE, however, took into account Oxner's particular limitations in assessing what jobs she could perform. See Mackinaw v. Bowen, 866 F.2d 1023, 1024 (8th Cir. 1989) (where claimant's relevant characteristics differ from Medical-Vocational Guidelines, Commissioner must produce VE testimony or similar evidence to establish jobs in economy); see, e.g., Carlson v. Chater, 74 F.3d 869, 871 (8th Cir. 1996) (VE properly took into account individual's need to alternate positions); see also Smith v. Schweiker, 735 F.2d 267, 272 n.4 (7th Cir. 1984) (Medical-Vocational Guidelines can be used as guidance even when not determinative).

Oxner also argues that the jobs listed by the ALJ as jobs that she could perform do not exist in significant numbers in the national economy. We find that in this situation, jobs for which Oxner is qualified totalling 1,000 in the area, 5,200 in the state, and 200,000 in the national economy exist in significant numbers. See Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) (listing criteria for determining whether work exists in significant numbers).

Accordingly, we affirm.

A true copy.

Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.