103 F.3d 135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Catherine OXNER, Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Appellee.
 No. 96-2540.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 20, 1996
Filed: November 27, 1996
 
 Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Catherine Oxner appeals the district court's[1] grant of summary judgment in favor of the Social Security Commissioner. Oxner unsuccessfully applied for disability insurance benefits, complaining of a left knee injury, high blood pressure, and high cholesterol. Having carefully reviewed the record and Oxner's arguments on appeal, we conclude the Commissioner's decision is supported by substantial evidence on the record as a whole. See Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir.1992).
 
 
 2
 Following a hearing, an administrative law judge (ALJ) found that Oxner's complaints were partially credible, but that she did not have a listed impairment. The ALJ concluded that Oxner was not capable of performing her past relevant work. Based on vocational expert (VE) testimony, however, the ALJ found that Oxner could perform some specific jobs in the light work category, and that those jobs existed in significant numbers in the economy.
 
 
 3
 Oxner argues that, given the ALJ's finding that she needed the option to sit or stand, she could not perform light work. The VE, however, took into account Oxner's particular limitations in assessing what jobs she could perform. See Mackinaw v. Bowen, 866 F.2d 1023, 1024 (8th Cir.1989) (where claimant's relevant characteristics differ from Medical-Vocational Guidelines, Commissioner must produce VE testimony or similar evidence to establish jobs in economy); see, e.g., Carlson v. Chater, 74 F.3d 869, 871 (8th Cir.1996) (VE properly took into account individual's need to alternate positions); see also Smith v. Schweiker, 735 F.2d 267, 272 n. 4 (7th Cir.1984) (Medical-Vocational Guidelines can be used as guidance even when not determinative).
 
 
 4
 Oxner also argues that the jobs listed by the ALJ as jobs that she could perform do not exist in significant numbers in the national economy. We find that in this situation, jobs for which Oxner is qualified totalling 1,000 in the area, 5,200 in the state, and 200,000 in the national economy exist in significant numbers. See Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988) (listing criteria for determining whether work exists in significant numbers).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri