# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2206

_____

Elaine Harbor,                            *
                                          *
          Appellant,                      *
                                          *
     v.                                   *   Appeal from the United States
                                          *   District Court for the
Kenneth S. Apfel, Commissioner,           *   Western District of Missouri.
Social Security Administration,           *
                                          *       [UNPUBLISHED]
          Appellee.                       *

_____

Submitted:  November 3, 2000
Filed:   November 28, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Elaine Harbor applied for disability insurance benefits and supplemental security income, alleging disability since December 1995 from paranoid schizophrenia and polysubstance abuse. Her application was denied. After a hearing, an administrative law judge (ALJ) found in June 1997 that Harbor did not have a severe impairment, much less one that met or equaled a listing, see 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2000), or would be considered disabling according to the Medical-Vocational Guidelines, see 20 C.F.R., Pt. 404, Subpt. P, App. 2 (2000). The district court affirmed the ALJ's decision, and Harbor appeals.

We review the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole--that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support the conclusion. See Ingram v. Chater, 107 F.3d 598, 600 (8th Cir. 1997). Initially, we do not find substantial support in the record for the ALJ's conclusion that Harbor's psychosis was feigned. In so concluding, the ALJ relied upon an "implicit conclusion" of unspecified psychiatrists that Harbor had been erroneously diagnosed; the invalidity of a psychological test administered to Harbor; and the ALJ's own hunch, culled from various facts set forth in the record. Having reviewed Harbor's medical records, we do not detect in them any implication that Harbor's earlier diagnoses were wrong. Nor do we believe that the invalid psychological test demonstrates malingering, in light of the administering psychologist's observations regarding Harbor's mental status. Further, the ALJ could not conclude that Harbor was feigning mental illness based upon his own opinion. See Pratt v. Sullivan, 956 F.2d 830, 834 (8th Cir. 1992) (per curiam) (ALJ cannot substitute his lay opinion for that of examining and treating professionals).

We also believe the ALJ failed to evaluate the hearing testimony according to the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (claimant's testimony must be evaluated considering her daily activities, pain, precipitating and aggravating factors, medication, and functional restrictions, in light of her prior work record, observations by third parties, and physicians). Harbor's testimony was not inconsistent with her medical records, and Polaski does not authorize rejecting a claimant's testimony because of her financial needs. The ALJ's observation that Harbor admitted having some emotional difficulties since the age of twelve, yet worked in several relatively well-paying jobs before her alleged onset date, should buttress rather than impugn Harbor's credibility. See Nunn v. Heckler, 732 F.2d 645, 648 (8th Cir. 1984) (claimant with good record is entitled to substantial credibility when claiming she is unable to work). Additionally, the ALJ did not discuss the credibility of Harbor's caseworker--who testified that Harbor did not leave home by herself, slept fifteen hours a day, and carried a diagnosis of bipolar disorder with

depressive symptoms--but appears not to have credited her testimony in his findings. See Prince v. Bowen, 894 F.2d 283, 286 (8th Cir. 1990) (when ALJ fails to credit lay corroborative testimony, he should discuss testimony specifically and make explicit credibility determinations).

In light of these errors, the ALJ's finding that Harbor had no severe impairments is not supported by substantial evidence. See Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996) (holding sequential-evaluation analysis may be terminated at step two only when impairment or combination of impairments would have no more than minimal effect on claimant's ability to work). We conclude that Harbor's impairments met a listing for at least twelve months from her alleged onset date: Harbor's treating psychiatrists diagnosed either a psychotic disorder with hallucinations or a bipolar disorder, and Harbor's hearing testimony revealed marked restrictions in activities of daily living and marked difficulties in maintaining social functioning. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.03, 12.04 (2000).

Accordingly, we reverse the district court's order affirming the Commissioner's denial of benefits and remand with instructions to determine the proper time period for which an award of benefits should be granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-